UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | No. 3:24 CV 778 |
| ADAMS, *et al.*, | |
| Defendants. | |

## OPINION and ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. (DE # 2.) "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "After excising the allegations not entitled to the

presumption, we determine whether the remaining factual allegations plausibly suggest an entitlement to relief." *Id.*

In the complaint, Scruggs alleges that, on November 9, 2023, he wrote two grievances asking to be released from disciplinary segregation based on his understanding that his term of disciplinary segregation had expired. He also testified on behalf of another inmate in a disciplinary proceeding. In retaliation for filing grievances, Sergeant Adams and Officer Fike upheld a false conduct report accusing him of possessing a cellphone. Following an unfair disciplinary hearing, they also reinstated more than seventeen years of disciplinary segregation that had been imposed as a result of other disciplinary hearings but had been rescinded by correctional staff at the Wabash Valley Correctional Facility.

According to the complaint, in retaliation for lawsuits, grievances, and his testimony in another inmate's disciplinary proceedings, Case Manager Cornett and Major Cornett refused to assist him with "looking into" the seventeen years of disciplinary segregation. Case Manager Cornett said, "We told you when you got here not to file lawsuits." They both told Scruggs that they conveyed his concerns to Deputy Warden Watts. Case Manager Cornett also contacted Derick Christenson and assigned Caseworker Caroll to look into Scruggs' complaints. Scruggs wrote to Deputy Warden Watts, J. Algozine, Derick Christenson, Sergeant Adams, Mr. Thompson, and Ms. Salyer, who did not respond. He has also asked Caseworker Gulleson to "look into this matter," who refused, citing the number of times Scruggs "wrote [him] up" and stating that Scruggs had given him "a hard time." Scruggs also notified Warden Smiley of the

2

disciplinary segregation issue by filing a habeas petition challenging the term of disciplinary segregation.

Scruggs asserts a claim of First Amendment retaliation against Sergeant Adams, Officer Fike, Major Cornett, Case Manager Cornett, Deputy Warden Watts, J. Algozine, Derick Christenson, Mr. Thompson, Ms. Salyer, Caseworker Gulleson, and Warden Smiley. To state claim of First Amendment retaliation, Scruggs must allege that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). On the issue of causation in the context of First Amendment retaliation, the Seventh Circuit has articulated as follows:

> [W]e note that suspicious timing will rarely be sufficient in and of itself to create a triable issue. The reason is obvious: suspicious timing may be just that—suspicious—and a suspicion is not enough to get past a motion for summary judgment. Accordingly, for a suspicious-timing argument alone to give rise to an inference of causation, the plaintiff must demonstrate that an adverse [] action follows close on the heels of protected expression, and the plaintiff must show that the person who decided to impose the adverse action knew of the protected conduct.
>
> There can be no set legal rule for determining whether an adverse [] action falls close on the heels of protected activity because such a determination depends on context. Of course, the closer two events are, the more likely that the first caused the second. But it is clear from our case law that the time period between the protected activity and the adverse action must be very close. For an inference of causation to be drawn solely on the basis of a suspicious-timing argument, we typically allow no more than a few days to elapse between the protected activity and the adverse action.

*Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012).

3

Scruggs may not proceed on allegations challenging the fairness of his disciplinary proceedings, which, according to his exhibits, increased the duration of his sentence. These claims necessarily imply the invalidity of a finding of guilt that increased the duration of his sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (extending *Heck* to prison disciplinary proceedings). Such claims cannot be brought unless and until the finding of guilt is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019).

Further, Scruggs substantially relies on conclusory allegations to ascribe retaliatory causation to the defendants. For example, he makes a sweeping statement that "[a]ll named defendants are working together to maintain the added 17+ years of DS time in retaliation for standing up for my legal right through grievances, lawsuits, or speech and for standing up for others with witness statements or by giving them information as to IDOC/court rules/laws/policies." (DE # 2 at 9.) Disregarding these conclusory allegations leaves few allegations suggesting retaliatory causation.

Scruggs makes more specific allegations of retaliatory motive with respect to two defendants, but these allegations also fall short of asserting a valid claim of First Amendment retaliation. The alleged reference to lawsuits by Case Manager Cornett could suggest a retaliatory motive, but Scruggs' other representations fatally undermine his allegation that Case Manager Cornett treated him adversely by not "looking into"

4

his term of disciplinary segregation. Specifically, Scruggs credits her with conveying his concerns to Deputy Warden Watt and Derick Christenson, encouraging him to write to them himself, and assigning a case worker to "work[] on it as well." The court cannot find that Case Manager Cornett's efforts on Scruggs' behalf amount to deprivation that would likely deter First Amendment activity in the future.

Next, the court finds that the allegations suggesting retaliatory causation for Caseworker Gulleson's refusal to "look into" the term of disciplinary segregation are too vague. It is not at all clear what Caseworker Gulleson was referencing when he noted the number of times Scruggs "wrote [him] up" and that Scruggs had given him "a hard time." The court is unfamiliar with any practice or procedure by which inmates are permitted to "write up" caseworkers or other correctional staff or why any member of correctional staff would refer to any instance of an inmate's writing as a "write-up." Further, inmates could conceivably give correctional staff "a hard time" in any number of ways that do not involve protected speech. The complaint simply lacks sufficient context to plausibly suggest that Caseworker Gulleson referenced Scruggs' protected speech when making these remarks.

The allegations regarding retaliatory causation are even sparser with respect to the remaining defendants. Scruggs has not alleged sufficient facts for even a suspicious timing theory of causation; none of the allegations set forth a timeline indicating that Scruggs engaged in protected activity and that a defendant with knowledge of that protected activity engaged in adverse conduct within a few days after the protected

5

activity occurred. Therefore, Scruggs may not proceed on a claim of First Amendment retaliation against any defendant.

Scruggs further seeks injunctive relief for the removal of his term of disciplinary segregation. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Here, Scruggs has not plausibly alleged a violation of any federal or constitutional right. Therefore, he also may not proceed on an injunctive relief claim.

In sum, the complaint does not state a claim for which relief can be granted. If he believes that he can state a claim based on the events described in this complaint, Scruggs may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this case number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Christopher L. Scruggs until **December 6, 2024**, to file an amended complaint; and

6

(2) **CAUTIONS** Christopher L. Scruggs that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: November 5, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT