UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.                                                       No. 3:24 CV 778

SERGEANT ADAMS, *et al.*,

Defendants.

## OPINION and ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed an amended

complaint. "A document filed pro se is to be liberally construed, and a pro se complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

Notably, Scruggs filed the amended complaint in response to the court's order

finding that the initial complaint did not state a claim and allowing Scruggs to file an

amended complaint. (DE # 7.) Specifically, the court found that the initial complaint

contained allegations that, if proven true, would necessarily imply the invalidity of a

prison disciplinary proceeding in violation of *Edwards v. Balisok*, 520 U.S. 641 (1997). The

court further found that the initial complaint contained only conclusory allegations of retaliatory motive with respect to each of the defendants.

Within the amended complaint, Scruggs reproduces the initial complaint in its entirety, but further contends that he wishes to proceed on his claims of retaliation without providing more specific allegations of retaliatory motive consistent with *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012). He cites Federal Rule of Civil Procedure 11(b)(2), which requires an unrepresented party to certify, each time he signs a court filing, that his legal arguments are supported by existing law or "to make a nonfrivolous argument for extending, modifying, or reserving existing law or for establishing new law." This rule does not authorize parties to proceed beyond the pleading stage on unrecognized claims or novel theories but instead sets forth general ethical standards for civil litigation. Though Scruggs does not violate ethical standards by advocating for a change in the law, the court declines to allow him to pursue claims that are inconsistent with circuit precedent on First Amendment retaliation claims.

In the amended complaint, Scruggs adds more specific allegations of retaliatory motive for Sergeant Adams and Officer Fike, noting his complaints of unfairness during the disciplinary hearing. However, notwithstanding Scruggs' assertion that he is not challenging the fairness of the disciplinary hearing, the amended complaint still contains numerous allegations relating to his claim against these defendants that, if proven true, would undermine the validity of a disciplinary hearing. These allegations include: that the hearing was "fake" and unfair, that Sergeant Adams inappropriately served as the screening officer and hearing officer, and that Sergeant Adams made

2

biased comments when she took his plea of not guilty. Even overlooking these specific allegations, the broader focus of the claims against these defendants would still undermine the validity of the disciplinary hearing. Scruggs cannot plausibly contend that Sergeant Adams and Officer Fike were so incensed by his remarks during the disciplinary hearing that they improperly sanctioned him with 17 years of segregation, while remaining unbiased with respect to the contemporaneous finding of guilt and imposition of sanctions affecting the duration of his sentence.

Nevertheless, the amended complaint can be construed to include a plausible claim against Sergeant Adams and Officer Fike in connection with the 17 years of disciplinary segregation, without violating *Balisok*. Specifically, Scruggs may be alleging that: (1) Sergeant Adams and Officer Fike imposed sanctions pursuant to a disciplinary hearing, including 180 days of segregation time, which *Balisok* prevents Scruggs from challenging; and (2) Sergeant Adams and Officer Fike separately imposed 17 years of segregation time without affording him procedural due process, including a hearing. Scruggs can proceed only on the latter allegations for a claim that Sergeant Adams and Officer Fike violated his right to procedural due process by imposing 17 years of disciplinary segregation without providing a proper hearing related to this specific disciplinary sanction. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) ("[A] liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh."); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 360–61 (7th Cir. 1992) (listing procedural requirements for disciplinary segregation).

3

Scruggs further seeks injunctive relief in connection with disciplinary segregation. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* The court will also allow Scruggs to proceed on an injunctive relief claim against Warden Smiley in his official capacity to ensure that his right to procedural due process has not been violated in connection with the 17 years of disciplinary segregation.

Scruggs has also clarified his allegations with respect to his claim of First Amendment retaliation against the two Cornett defendants and Caseworker Gulleson. Specifically, he clarifies that, while Case Manager Cornett represented that she assisted him with his disciplinary segregation inquiry, her representations were false. He also clarifies that Casework Gulleson expressly cited Scruggs' grievances against him as a reason for refusing to assist him with his disciplinary segregation inquiry. He may proceed against these defendants on a claim of First Amendment retaliation.

Scruggs is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) **GRANTS** Christopher L. Scruggs leave to proceed on an Fourteenth Amendment claim for compensatory and punitive damages against Sergeant Adams and Officer Fike, in their individual capacities, for imposing 17 years of disciplinary segregation on him in January 2024, in violation of his right to procedural due process;

(2) **GRANTS** Christopher L. Scruggs leave to proceed on a claim for compensatory and punitive damages against Case Manager Cornett, Major Cornett, and Caseworker Gulleson, in their individual capacities, for retaliating against him for filing lawsuits and grievances against them, by refusing to assist him with his disciplinary segregation inquiry;

(3) **GRANTS** Christopher L. Scruggs leave to proceed against Warden Smiley, in his official capacity, to remedy the lack of procedural due process in connection with the 17 years of disciplinary segregation as required by the Fourteenth Amendment;

(4) **DISMISSES** Deputy Warden Watts, Jackie Algozine, Derick Christenson, Thompson, J. Salyer, and C. Carroll;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** Christopher L. Scruggs to make arrangements to serve Sergeant Adams, Officer Fike, Warden Smiley, Case Manager Cornett, Major Cornett, and Caseworker Gulleson; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sergeant Adams, Officer Fike, Warden Smiley, Case Manager Cornett, Major Cornett, and Caseworker Gulleson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-

1(b), only to the claims for which the plaintiff has been granted leave to proceed in this

screening order.

**SO ORDERED.**

Date: January 15, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT